IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>GEORGE ONTIVEROS RODRIGUEZ,<br><br>　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING IN PART MOTION IN LIMINE**<br><br>Case No. 2:15-cr-00006-DN<br><br>District Judge David Nuffer |

　　　　On April 21, 2015, Defendant filed a Motion in Limine[1] seeking to exclude four categories of evidence: (1) all mention of files transmitted through Gigatribe, a file-sharing service, because there is no foundation; (2) all mention of recovered files containing child pornography because there is no foundation and because they are more prejudicial than probative; (3) all mention of communications he had through Craigslist because those communications were with consenting adults, and introduction of the statements simply because they are sexual in nature would be more prejudicial than probative; and (4) any mention of Defendant's boss, Mr. Knight, saying that Defendant knew how to "cover his tracks" due to specialized knowledge with computers because it is more prejudicial than probative. The prosecution opposes the motion, emphasizing that the evidence is relevant and not unfairly prejudicial. After a hearing took place on May 6, 2015, the Motion in Limine was taken under advisement pending further evidentiary hearing. The evidentiary hearing took place on May 28, 2015. For the reasons stated below, the Motion in Limine is DENIED IN PART.  PART IS RESERVED for future ruling.

---

[1] Motion in Limine to Exclude Evidence, docket no. 18, filed April 21, 2015.

For the reasons stated at the hearing on May 28, 2015, the Motion in Limine is denied as to the Gigatribe session and testimony from Mr. Knight (Nos. (1) and (4) above). The government will be allowed to present evidence and testimony at trial related to the transmission of files through Gigatribe, and will be allowed to present testimony at trial from Mr. Knight, Defendant's boss, regarding Defendant's proficiency with computers.

The Motion in Limine is likewise denied as to "carved files" (No. (2) above). Defendant admits that child pornography images were recovered from a hard drive seized from Defendant's home, but argues that because "there is no way of knowing when [the images] arrived on the hard drive, nor when they were deleted[,]""there is no way of knowing when a crime was committed."[2] "Without a reliable dating method," Defendant argues, "establishing Mr. Rodriguez's connection to these files is at best speculative, and at worst entirely without foundation."[3] Defendant also argues the images are not relevant under FRE 401, and are more prejudicial than probative under FRE 403.[4] He argues that "the Government has proffered no evidence that would indicate Mr. Rodriguez possessed any knowledge about the presence of images of child pornography on the unallocated portion of his hard drive."[5]

Defendant conflates *foundation and admissibility* with *convincing power*. The government is not required to conclusively establish that the "carved files" were "knowingly possessed" by Defendant in order for them to be admissible. While the government would have to show knowing possession in order to sustain a conviction or survive a Rule 29 "sufficiency of the evidence" challenge, to establish foundation, "all that is ultimately required is evidence

---

[2] Motion in Limine at 3, docket no. 18, filed April 21, 2015.

[3] Motion in Limine at 3-4, docket no. 18, filed April 21, 2015.

[4] Motion in Limine at 4, docket no. 18, filed April 21, 2015.

[5] Brief in Support of Defendant's Motion in Limine to Exclude Evidence, docket no. 37, filed June 4, 2015.

sufficient to support a finding that the matter in question is what its proponent claims."[6] Here, there is foundation for the "carved files" because they are what their proponent claims them to be—images of child pornography and other information recovered from the unallocated space of a hard drive seized from Defendant's residence. Connection of the "carved files" to Defendant can be established at trial, and the jury can make determinations regarding its convincing power.

Further, the "carved files" are relevant. "Relevant" evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[7] Here, the "carved files" are relevant to the case because they came from a hard drive seized from Defendant's home, and contain information that is directly related to and evidence of the charged conduct.

Even if relevant, however, evidence may be excluded if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[8] Here, the probative value of the "carved files" is not substantially outweighed by the danger of unfair prejudice, as Defendant argues. The "carved files" consist of images of child pornography, which relate directly to the charges in this case. The "carved files" also contain other information suggesting involvement with child pornography, including evidence of a prior version of Gigatribe and a screen name "boy4funxxx."[9] This is highly probative information, considering the charges at issue. And since the "carved files" came from a hard drive seized from Defendant's residence, the danger of unfair prejudice is low and certainly

---

[6] *United States v. Simpson*, 152 F.3d 1241, 1250 (10th Cir. 1998).

[7] Fed. R. Evid. 401.

[8] Fed. R. Evid. 403.

[9] Government's Second Opposition to Defendant's Motion in Limine to Exclude Evidence at 4, docket no. 36, filed June 4, 2015.

does not *substantially* outweigh the probative value of the "carved files" recovered from the hard drive.

## ORDER

Defendant's Motion in Limine[10] is DENIED IN PART. The government will be allowed to present evidence and testimony at trial related to the transmission of files through Gigatribe, and will be allowed to present testimony at trial from Mr. Knight, Defendant's boss, regarding Defendant's proficiency with computers. The government will also be allowed to present evidence and testimony at trial related to "carved files" recovered from unallocated space on the hard drive seized from Defendant's residence.

The admissibility of the Craigslist emails is deferred pending briefing ordered at the hearing.

Dated June 10, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[10] Motion in Limine to Exclude Evidence, docket no. 18, filed April 21, 2015.