IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGE ONTIVEROS RODRIGUEZ,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE**<br><br>Case No. 2:15-cr-00006-DN<br><br>District Judge David Nuffer |

This prosecution for distribution and possession of child pornography is set for trial July 13, 2015. On April 21, 2015, Defendant filed a Motion in Limine[1] seeking to exclude four categories of evidence: (1) all mention of files transmitted through Gigatribe, a file-sharing service, because there is no foundation; (2) all mention of files recovered from deleted status on his computer containing child pornography because there is no foundation and because they are more prejudicial than probative; (3) all mention of communications he had through Craigslist because those communications were with consenting adults, and introduction of the statements simply because they are sexual in nature would be more prejudicial than probative; and (4) any testimony of Defendant's boss, Mr. Knight, about Defendant's specialized knowledge with computers because it is more prejudicial than probative. Hearings were held May 6, and May 28, 2015.[2] Testimony was received from prosecution witnesses Larry Knight and Eric Zimmerman, and exhibits 1, 2, 3A, and 3B were received.[3]

---

[1] Motion in Limine to Exclude Evidence, docket no. 18, filed April 21, 2015.

[2] Minute Entry, docket no. 26, May 6, 2015; Minute Entry, docket no. 33, May 28, 2015.

[3] Exhibit and Witness List, docket no. 34, filed May 28, 2015.

On June 10, 2015, a Memorandum Decision and Order was entered denying in part the Motion in Limine, dealing with topics (1), (2) and (4), but reserving ruling on the admissibility of the Craigslist emails pending the conclusion of Rule 404(b) briefing.[4] That briefing is now completed.[5] For the reasons stated below, the Motion in Limine is GRANTED IN PART and DENIED IN PART with respect to the Craigslist communications. This Memorandum Decision and Order completes adjudication of the Motion in Limine and also resolves questions of admissibility as to other evidence the prosecution proposes to offer under Rule 404(b).

**Table of Contents**

BACKGROUND ................................................................................................................ 2
DISCUSSION .................................................................................................................... 4
    1.    Gigatribe Filenames Are Admissible As Direct Evidence ................................... 4
    2.    Use of Gigatribe from the .193 IP Address Is Admissible As Direct Evidence and the Gigatribe Screen Names Are Admissible Under Rule 404(b) .......................... 7
    3.    Redacted Craigslist Postings Are Admissible As Direct Evidence ..................... 10
    4.    Full Content of the Four Craigslist Postings Is Not Admissible .......................... 11
    5.    The Four Email Responses Are Admissible in Redacted Format ....................... 13
    6.    Four of the Five Video File Names Are Admissible Under Rule 404(b) ............ 14
ORDER ............................................................................................................................. 17

## BACKGROUND

On April 30, 2012, a government agent commenced a file-sharing and chat session with a user on a file-sharing and chat service called Gigatribe. The government agent engaged in a session with a user who had the screen name "manperv." After some conversation between the two, "manperv" agreed to share certain folders containing several files. Access to the folders enabled the government agent to see many file names. The government agent was able to download at least one file containing child pornography. This entire session was captured on the agent's computer using a program called Camtasia.

---

[4] Memorandum Decision and Order Denying in Part Motion in Limine at 4, docket no. 41, entered June 10, 2015.

[5] United States' Notice of Intent to Offer Evidence Under Rule 404(b), Federal Rules of Evidence ("Prosecution Brief"), docket no 38, filed June 5, 2015; Defendant's Response to United States' Notice of Intent to Offer Evidence Under Rule 404(b), Federal Rules of Evidence ("Defense Brief"), docket no. 51, filed June 19, 2015.

After further investigation, the government determined that "manperv's" IP address[6] was 76.23.31.193 (the ".193 IP address"), and that this IP Address was assigned to the Defendant's home address in Utah on the dates in question.[7] The government obtained a search warrant on Defendant's residence and seized a number of digital storage devices, including a desktop computer, a Hitachi hard drive, and a Samsung hard drive. The government also determined that the .193 IP address was tied to several email addresses, including grodriguez123@comcast.net, jorge4g@comcast.net, jorger2012@comcast.net, and jorge_slc@comcast.net. The government also discovered that the .193 IP address was tied to several Gigatribe screen names used in 2011 and 2012, and that several postings and responses had been made on Craigslist from the email address jorge4g@comcast.net during 2011 and 2012.

The prosecution seeks to admit several pieces of evidence under Rule 404(b):

(1) the filenames that were available to share from "manperv's" Gigatribe account, as recorded on Camtasia—including the names of files that were *not* downloaded by the government agent;

(2) several Gigatribe screen names associated with the .193 IP address that had been used during 2011 and 2012;

(3) a redacted copy of postings made on Craigslist through the .193 IP address;

(4) the full content of *four* postings made on Craigslist through the .193 IP address;

(5) four email responses from the .193 IP address to postings made on Craigslist by other users; and

(6) the file names of five videos found on the Samsung hard drive.

Defendant challenges the admissibility of each of these.

---

[6] An IP address is an abbreviation for "Internet Protocol address," which is "a numerical label assigned to each device (e.g., computer, printer) participating in a computer network that uses the Internet Protocol for communication." *IP address*, Wikipedia (June 25, 2015), https://en.wikipedia.org/wiki/IP_address.

[7] Comcast Subpoena Return, attached as Exhibit B to Prosecution Brief, docket no. 38-2, filed June 5, 2015.

**DISCUSSION**

Rule 404(b) of the Federal Rules of Evidence prohibits admission of "a crime, wrong, or other act . . . to prove a person's character" but allows such evidence to be offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[8] Rule 404(b) evidence may be admitted if four factors are satisfied: "(1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the district court provides an appropriate limiting instruction upon request.[9]

### 1. Gigatribe Filenames Are Admissible As Direct Evidence

The prosecution argues the Gigatribe filenames are admissible "as direct evidence of Rodriguez's attempted distribution of images of child pornography."[10] It argues that the file names "all prove Rodriguez had images of child pornography he intended to share and distribute to others."[11] According to the prosecution, the Gigatribe filenames are "not subject to analysis under 404(b)(2)" but could be properly allowed under 404(b) if not allowed as direct evidence because they show the *modus operandi* of "manperv," which was "sexual conduct with underage males."[12] The prosecution also points out that the filenames would be admitted for a proper purpose because they are "corroborative of the child pornography images found in the unallocated space on the Hitachi HD."[13] As to relevance and prejudicial value, the prosecution states the filenames are relevant because the filenames relate directly to the charges and they are

---

[8] Fed. R. Evid. 404(b).

[9] *United States v. Brooks*, 161 F.3d 1240, 1243 (10th Cir.1998) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92, 108 S.Ct. 1496, 1502, 99 L.Ed.2d 771 (1988)).

[10] Prosecution Brief at 10.

[11] Prosecution Brief at 10-11.

[12] Prosecution Brief at 11.

[13] Prosecution Brief at 11.

not more prejudicial than probative because filenames "are much less sensational than the actual videos of child pornography that the United States will play during its case in chief."[14]

Defendant, on the other hand, argues that the Gigatribe filenames should not be admitted as direct evidence or under Rule 404(b). Defendant believes they cannot be admitted as direct evidence because this is "not a case about attempt"[15] and the only files that matter are the ones "that were actually obtained by the undercover officer."[16] Defendant takes the position that "it would be a complete waste of time to discuss the file names because even though they were offered for distribution, . . . [d]iscussing them is a needless presentation of cumulative evidence because there were actual files that were distributed."[17] Defendant also challenges the admissibility of the filenames under Rule 404(b) by contending there is no proper purpose for the filenames, they are not relevant, and they are overly prejudicial. Defendant argues it would be "irresponsible and unfair" to admit the filenames without also knowing their content, but there is no way of knowing the actual content of the files from the file name alone.[18]

First, Defendant's assertion that this is not a case about attempt is incorrect. The Indictment charges Mr. Rodriguez of violating 18 U.S.C. § 2252A(a)(2) and (b), which includes attempt.[19] While subsection (a)(2) makes it a crime to knowingly receive or distribute child pornography in interstate commerce, subsection (b) clarifies that one who "violates, *or attempts or conspires to violate*, paragraph . . . (2) . . . of subsection (a) shall be fined under this title and

---

[14] Prosecution Brief at 12.

[15] Defense Brief at 4.

[16] Defense Brief at 4.

[17] Defense Brief at 4-5.

[18] Defense Brief at 6.

[19] Indictment, docket no. 1, filed January 7, 2015.

imprisoned . . . .[20] Defendant's argument that the filenames should not be admitted because they were not actually downloaded by the government agent is unpersuasive. Even Defendant recognizes that those files were "offered for distribution," and it would be error to exclude the names of the files attempted to be distributed even though actual distribution of the file contents to the agent was not completed. Although there is a theoretical possibility that file contents do not match the name of a file, it is highly unlikely that one would name a file containing innocuous and legal material with a name such as "boysRidesDad," "14 yo-one of the hottest ever," "8 yo boy with dildo," "10 yo boy and his uncle- Very hot," or "7 yo Arab Boy raped." Rather, it is highly likely that files with these names contain child pornography. Therefore, these filenames will be admitted as direct evidence because they are relevant—that is, they have a "tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[21] The fact that is made more or less probable by the admission of these filenames is that "manperv" offered for distribution files containing child pornography. This is an important fact in the case. Defense counsel, of course, is free to make the argument to the jury that these files did not contain child pornography. But the file names will not be excluded.

Because the names of the files offered for distribution by "manperv" through Gigatribe are admitted as direct evidence, there is no need to conduct a Rule 404(b) analysis for them. The prosecution may present its evidence as it sees fit to establish its case and is not bound by the defendant's preferred method of presenting evidence.[22] The prosecution may present the filenames to the jury because offering that evidence does not violate Rule 403. While admission

---

[20] 18 U.S.C. § 2252A(a)(2) and (b) (emphasis added).

[21] Fed. R. Evid. 401.

[22] *Old Chief v. United States*, 519 U.S. 172, 186-87 (1997).

6

of the filenames without their content has lower probative value than if the content was available, the probative value is not *substantially outweighed* by a danger of unfair prejudice, confusion, misleading the jury, delay, wasting time, or cumulativeness. Instead, the filenames show that "manperv" offered files for distribution that were named in a manner that would lead one to reasonably believe the files contained child pornography, which is conduct that is directly related to the charged crime. There is also probative value in the filenames because they corroborate actual child pornography that was discovered on hard drives seized from Mr. Rodriguez. The probative value of this evidence is not substantially outweighed by the factors listed under Rule 403.

Admitting these filenames does not establish that "manperv" is Mr. Rodriguez. That must be established through other evidence. The Gigatribe filenames establish that "manperv" offered the files for distribution.

2. **Use of Gigatribe from the .193 IP Address Is Admissible As Direct Evidence and the Gigatribe Screen Names Are Admissible Under Rule 404(b)**

Next, the prosecution argues that the Gigatribe screen names tied to the .193 IP address are admissible. Particularly, it argues that the "repeated use of Gigatribe by the 193 IP address" in 2011 and 2012 may be admitted as direct evidence of distribution, while the screen names may be admitted under Rule 404(b)(2) to show identity, modus operandi, absence of mistake, and intentional conduct.[23] Defendant argues there is no "lawful and proper basis" for admitting the Gigatribe screen names.[24] He argues it is not relevant that Gigatribe has been associated with the .193 IP address on various dates, or that other screen names were tied to the .193 IP

---

[23] Prosecution Brief at 13.

[24] Defense Brief at 11.

address.[25] He argues there is no reason to admit the additional screen names because there is no evidence that the screen names other than "manperv" "were ever associated with illegal content."[26]

Defendant is incorrect. The repeated use of Gigatribe from the .193 IP address is relevant evidence. It shows that Gigatribe—the very program used by the government agent to uncover illegal activity—was accessed from the .193 IP address multiple times in 2011 and 2012. While this evidence alone does not conclusively establish that Mr. Rodriguez was the one accessing Gigatribe from the .193 IP address (and does not even conclusively establish that only one person was accessing Gigatribe from the .193 IP address), this evidence makes it more probable that the Gigatribe user was Mr. Rodriguez because the .193 IP address was assigned to Mr. Rodriguez's home during the time period in question. Defendant is correct that there is a chance that other users could have been using the .193 IP address to set up Gigatribe accounts, but evidence is not irrelevant and inadmissible simply because it does not rule out all other possibilities. Other evidence may bear on the meaning of this evidence, but the Gigatribe use from the .193 IP address is admissible as direct evidence because it is relevant and not overly prejudicial.

As to the admissibility of the Gigatribe screen names, they will be admitted under Rule 404(b) because they are offered for a proper purpose, they are relevant, the probative value is not substantially outweighed by the danger of unfair prejudice, and a limiting instruction will be given to the jury upon the prosecution's request.[27] The screen names at issue are "ped4boy," "boyperv1234," "pedo4boy," "manperv," "man4boy," "mylilbois," "mylilboiluv," "leekonbois,"

---

[25] Defense Brief at 11.

[26] Defense Brief at 11.

[27] See Brooks, 161 F.3d at 1243 (listing factors).

"kevinismine," and "josh4big." The prosecution argues these screen names should be admitted for the purpose of showing identity, *modus operandi*, absence of mistake, and intentional conduct.[28] This is correct. The majority of these screen names show that the user or users of the .193 IP address had an interest in male pedophilia. One of the screen names, "leekonbois," indicates an apparent interest in urination on boys. This establishes that the user of the .193 IP address was someone who prefers sexual contact with underage boys, including urination, which helps establish identity and *modus operandi*. These are proper purposes for the introduction of such evidence under Rule 404(b).

Further, the screen names may be used to demonstrate that the user of the .193 IP address did not act by mistake but rather engaged in intentional conduct when sharing child pornography over Gigatribe. The user knew Gigatribe was a location where such screen names would be acceptable and would convey a specific message to, and generate a response from, a particular segment of Gigatribe users.

The Gigatribe screen names show a consistent theme throughout—an interest in sexual contact with underage boys. This interest corresponds directly to the charged crimes and shows commonality with "manperv," the user who engaged in the exchange of illegal child pornography with the undercover government agent.

The probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. Although Defendant argues that there is no evidence that the screen names other than "manperv" "were ever associated with illegal content,"[29] this is not the reason they are offered. Rather, they are offered to show identity and *modus operandi*. And because of the consistency among the screen names in showing interest in pedophilia with boys, this evidence

---

[28] Prosecution Brief at 13.

[29] Defense Brief at 11.

has significant probative value for purposes of establishing the identity and *modus operandi* of the user. The evidence has probative value for showing use by a single person with a consistent sexual interest. It also has probative value for showing absence of mistake and intentional conduct because it shows that the user knew that others would be interested in exchanging child pornography through Gigatribe. These screen names are also probative because they corroborate the child pornography that was discovered in unallocated space on the computer drives seized from Mr. Rodriguez. This probative value is not substantially outweighed under Rule 403.

In order for the Gigatribe screen names to be admissible at trial, the prosecution must propose a limiting instruction.[30]

### 3. Redacted Craigslist Postings Are Admissible As Direct Evidence

The prosecution requests admission of the "full collection of Craigslist postings from the 193 IP address between 2011 and 2012,"[31] but proposes to redact the content of the postings (except for four postings, discussed below) and admit *only* the IP address, email addresses, and dates of the postings.[32] The prosecution argues this evidence should be "admitted as relevant evidence pursuant to Rule 401, to demonstrate identity of the user of the 193 address was Rodriguez."[33] Defendant disagrees, arguing that the postings—even in redacted format—are inadmissible because "use of the 193 IP address for legal purposes is completely different than using it for illegal purposes."[34] Defendant mistakenly focuses on the content of the postings by arguing that the .193 IP address was used for "legal purposes." The content of the postings is not

---

[30] The prosecution stated that it will submit a proposed jury instruction for any 404(b) evidence that is admitted. Prosecution Brief at 10.

[31] Prosecution Brief at 16.

[32] Prosecution Brief at 16.

[33] Prosecution Brief at 16.

[34] Defense Brief at 12.

at issue with regard to the "full collection" of postings. The prosecution has agreed to redact the content and leave for the jury's review only the IP address, the email address associated with the posting, and the date the posting was made. This is highly probative evidence that shows Mr. Rodriguez's email address associated with the .193 IP address in 2011 and 2012. The danger of unfair prejudice is low since the emails will be redacted. Only the IP address, email address, and dates will be shown to the jury. Thus, this evidence is admissible. Defendant's Motion in Limine is DENIED IN PART, and the "full collection" of Craigslist postings may be admitted in redacted format (Defendant sought *complete* exclusion of the Craigslist postings). The prosecution must redact all information except the IP address, email addresses, and dates of the postings.

### 4. Full Content of the Four Craigslist Postings Is Not Admissible

In addition to the redacted copies of the "full collection" of Craigslist postings, the prosecution also seeks admission of the *content* of four of the postings.[35] Those postings, in their entirety, consist of the following:

> Page 14: Hey, if you are 18 to 22 yo, i really really want your dirty filthy undies, preferably with cum on it. I like those undies that have been dribbled with piss for many days. Boxers, white briefs and others would work great withme [sic]. Let me see if I can trade something for those undies of yours.[36]
>
> Page 15: I am into water sports. I want to try it out with an 18-24. Email me back if interested. Me and you hlep [sic] ea [sic] other out. I will give sum [sic] geren [sic] and you give me fun.[37]
>
> Page 21: I want a young slender guy, 18-22, to piss, spit and humiliate me while I suck him off.[38]

---

[35] Prosecution Brief at 17 (requesting admission of "pages 14, 15, 21, and 35 of Attachment D").

[36] Craigslist Postings at 14, attached as Exhibit D to Prosecution Brief, docket no. 38-4, filed June 5, 2015.

[37] Craigslist Postings at 15, attached as Exhibit D to Prosecution Brief, docket no. 38-4, filed June 5, 2015.

[38] Craigslist Postings at 21, attached as Exhibit D to Prosecution Brief, docket no. 38-4, filed June 5, 2015.

> Page 35: Are you 18-23 and slender? I give discrete bj and take any special requests. I accept all guys who are slender. No commitment no chat, unless you want to, just simple blow job. You drop your load and leave. You'll love it. Give me stats and pic but not necessary.[39]

The prosecution argues that the posting on Page 14 "demonstrates that the jorge4g@comcast.net was using the 193 IP address during 2011 and 2012."[40] The content of the posting is not needed to make this showing, however, since the *redacted* copy of Page 14 will establish which email addresses were tied to the .193 IP address at which times. Therefore the content of this posting is not needed to accomplish this result.

Next, the prosecution argues that the posting on Page 14 demonstrates *modus operandi* by corroborating the "unique sexual interest, urination related to young men," to the Gigatribe screen name, "leekonbois." While the prosecution may be correct that the posting on Page 14 shows a "unique sexual interest" which includes "urination related to young men," the posting specifically seeks out young men of age ("18 to 22 yo [year-olds]"), not underage boys. The same applies to the other three postings sought to be admitted by the prosecution, where young men over the age of 18 are pursued, not underage boys. Because there is a clear demarcation between legal and illegal sexual activity,[41] the postings seeking to engage in sexual conduct with young men *over* the age of 18 are not illegal. Therefore, they are not similar enough to the charged crimes involving illegal child pornography to show *modus operandi* or identity.[42]

The other purpose for which the prosecution seeks to admit the content of these postings (to tie the user of the IP address to Rodriguez's email address) is already established by the admission of the redacted postings. For these reasons, the *content* of the four postings will not be

---

[39] Craigslist Postings at 35, attached as Exhibit D to Prosecution Brief, docket no. 38-4, filed June 5, 2015.

[40] Prosecution Brief at 17.

[41] 18 U.S.C. § 2256 (defining "minor" and "child pornography").

[42] *See U.S. v. Oberle*, 136 F.3d 1414, 1419 (10th Cir. 1998) (allowing evidence to be admitted under Rule 404(b) where the defendant had committed crime "in a similar manner").

admitted. The prosecution's request to admit them under Rule 404(b) is denied because it has not established a proper purpose for their admission. Defendant's Motion in Limine is GRANTED IN PART with respect to the content of these four Craigslist postings.

### 5. The Four Email Responses Are Admissible in Redacted Format

As with the four Craigslist postings above, the prosecution seeks admission of the content of four email messages that came from Mr. Rodriguez's email address. The prosecution argues that the content of these email responses to incoming emails should be admitted under Rule 404(b) because the prosecution only seeks admission of four out of "hundreds and hundreds of responses to Craigslist ads from the Outlook files on the Desktop computer seized from Rodriguez's office"[43] and because the emails "establish Rodriguez's active ongoing use of the jorge4g@comcast [sic] email address over a significant period of time;" they "contain physical descriptions of Rodriguez" which establishes identity; and they are "similar to the charged offense.[44] The prosecution is only partially correct. Like the Craigslist postings discussed above, the content of the emails is not admissible because it is not similar to the charged offense. The emails show responses to postings for males over the age of 18, not underage boys. Thus, the content of the emails is not admissible to show *modus operandi* or sexual interest similar to the sexual interest depicted in the images of child pornography distributed in the Gigatribe session or apparently found on in unallocated space on the Hitachi hard drive.

However, Rule 404(b) allows evidence to show identity. The four email responses include physical descriptions of Mr. Rodriguez. Thus, admitting redacted versions of the four emails to provide a physical description of Mr. Rodriguez may show identity. This is a proper purpose under Rule 404(b). Further, the evidence is relevant because it tends to show that the

---

[43] Prosecution Brief at 20.

[44] Prosecution Brief at 22.

user of the email address, and the user of the .193 IP address, had a physical description that matched the physical description of Defendant. Finally, the probative value of this information is not substantially outweighed by a danger of unfair prejudice because, as the prosecution points out, the number of emails sought to be admitted is limited and the content of the emails containing solicitations to engage in legal sexual activity will be redacted so that the jury will not confuse the issues or become inappropriately inflamed at Mr. Rodriguez's "unique sexual interests." Therefore, only redacted versions of the four email responses[45] will be admissible. The prosecution must redact all information from the emails except the email addresses, the dates the emails were sent, the physical descriptions of the responder, and the phone number of the responder that was included in one of the emails.

### 6. Four of the Five Video File Names Are Admissible Under Rule 404(b)

The final piece of evidence the prosecution seeks to admit is a list showing five file names of videos that were recovered in active space on the Samsung hard drive. The prosecution argues these names should be admitted under Rule 404(b)(2) "because they provide evidence to demonstrate that the images alleged in Count 2 were intentionally placed there, and were consistent with Rodriguez's unique sexual preferences."[46] The prosecution seeks to admit the file names only, not the content of the videos themselves. Those file names are: "Boys Wanking Video com – Nasty lad masturbates in bathroom.mp4," "Nice teen guys love to f*** and suck gay – HardSexTube.mp4," "Wanking Boys presents Daddy is about to teach hot boy a good sex lesson.mp4," "Wanking Boys presents His boyfriend's narrow a** makes this dude

---

[45] Responses to Craigslist Postings at 35, attached as Exhibit F to Prosecution Brief, docket no. 38-6, filed June 5, 2015.

[46] Prosecution Brief at 23.

14

scream3.mp4," and "Wanking Boys presents Tender boy gives his lover's a** a tender rimming.mp4."

Defendant argues the prosecution conflates "young males" with underage boys, and the prosecution is not correct that the files are consistent with Rodriguez's unique sexual preferences. Defendant also argues that the prosecution is attempting to mislead by not seeking to admit the file name of a sixth video. Defendant argues that if the file names are admitted, the content of those videos should also be shown to the jury to "rebut the Government's assertions that the file names are descriptive of child pornography."[47]

Defendant is only partially correct. The prosecution seeks to introduce these file names under Rule 404(b) to establish Count 2, possession of child pornography. To admit these file names under Rule 404(b), there must be a proper purpose. The prosecution is correct that four of the five file names show a *modus operandi* substantially similar to the charged crimes, one of the file names—"Nice teen guys love to f*** and suck gay – HardSexTube.mp4"—does not reference "boys" at all. The only reference to age is "teen guys," which could include legal pornography of an individual 18 or 19 years of age. Therefore, while four of the five file names may show *modus operandi*, the fifth file name referencing "teen guys" is not substantially similar enough to the charged crimes to be admissible for a proper purpose under Rule 404(b). Accordingly, that file name is inadmissible.

Additional purposes exist to admit the four file names. Because Count 2 is not based on these videos, but is based on other evidence, these file names can be admitted as "intent" or "lack of mistake" evidence under Rule 404(b). This is because the file names were found in active space on his hard drive and are corroborative of the child pornography upon which the

---

[47] Defense Brief at 18.

prosecution bases the charges. This may be introduced to the jury to show that Rodriguez he stored such files knowingly, intentionally, and without mistake. As to Defendant's argument that the *content* of the videos must be shown along with the file name, this is unconvincing because the videos are not the basis of the charges. Rather, they are sought to be admitted to show *modus operandi* and intent. These are proper purposes under Rule 404(b) which do not require the prosecution to prove the contents of the files.

Further, the file names are relevant. They tend to make it more probable that Mr. Rodriguez had child pornography in his possession. This satisfies the second factor under Rule 404(b). Also, the probative value of the video file names is not substantially outweighed by the danger of unfair prejudice. As with the Gigatribe file names and screen names discussed above, the probative value of the video files is very high because it is suggestive of child pornography. The files refer to sexual contact involving "boys" and, although Defendant is correct that the files theoretically could contain legal material, that is not what the file names depict. It is not necessary to *conclusively* establish child pornography by the file names; rather, the question is whether the probative value of the file names is substantially outweighed by a danger of unfair prejudice. Because files with names that suggest child pornography likely contain child pornography, the probative value of the file names is not substantially outweighed by a danger of unfair prejudice and the file names referencing "boys"—"Boys Wanking Video com – Nasty lad masturbates in bathroom.mp4," "Wanking Boys presents Daddy is about to teach hot boy a good sex lesson.mp4," "Wanking Boys presents His boyfriend's narrow a** makes this dude scream3.mp4," and "Wanking Boys presents Tender boy gives his lover's a** a tender rimming.mp4"—may be admitted.

In order for these video file names to be admissible at trial, the prosecution must propose a limiting instruction.[48]

**ORDER**

IT IS HEREBY ORDERED that Defendant's Motion in Limine[49] is GRANTED IN PART and DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that the prosecution's request to admit certain evidence under Rule 404(b)[50] is GRANTED IN PART and DENIED IN PART as stated herein.

Dated June 26, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[48] The prosecution stated that it will submit a proposed jury instruction for any 404(b) evidence that is admitted. Prosecution Brief at 10.

[49] Motion in Limine to Exclude Evidence, docket no. 18, filed April 21, 2015.

[50] United States' Notice of Intent to Offer Evidence Under Rule 404(b), Federal Rules of Evidence, docket no. 38, filed June 5, 2015.