IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>GEORGE ONTIVEROS RODRIGUEZ,<br><br>　　　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING GOVERNMENT'S REQUEST TO ADMIT 404(B) EVIDENCE**<br><br>Case No. 2:15-cr-00006-DN<br><br>District Judge David Nuffer |

**BACKGROUND**

This prosecution for possession and distribution of child pornography is set for trial on July 13, 2015. On June 24, the prosecution filed a "Supplemental Notice of Intent to Offer Evidence Under Rule 404(b),"[1] seeking to admit "two additional document[s] that were recovered through forensic review in the course of trial preparation."[2] The two documents, which are attached to the Supplemental Notice, are identical and are titled "Make the Decision to Stop."[3] The prosecution states that the documents were "both found in active space on digital devices 2_1, and 7_2."[4] The documents give instructions on how to avoid online pornography and advise the reader to "[g]et rid of everything on your computer that is even remotely related to pornography."[5] There are no instructions listed in the documents about *how* to delete pornography from a computer.

---

[1] Supplemental Notice of Intent to Offer Evidence Under Rule 404(b), Federal Rules of Evidence ("Supplemental Notice"), docket no. 54, filed June 24, 2015. The initial Rule 404(b) motion was filed on June 5, 2015, docket no. 38, and decided on June 26, 2015, docket no. 65, after receiving a response from the Defendant, docket no. 51.

[2] Supplemental Notice at 1.

[3] *E.g.*, Attachment 1 to Supplemental Notice, docket no. 54-1, filed June 24, 2015.

[4] Supplemental Notice at 2, docket no. 54, filed June 24, 2015.

[5] *E.g.*, Attachment 1 at 1.

The documents also recommend that the reader "[t]hink carefully about why you want to avoid online pornography," "[m]ake a promise to yourself that you will try not to watch pornography," "[d]o your best to keep your promise," "[r]eevaluate the [t]ime [y]ou [s]pend on the [c]omputer," "[t]ry not to be alone in a room with the computer," "[i]nstead of spending so much time alone on the computer, develop an interest in something else," and "[i]nstall software to filter pornographic web content."[6] The documents give detailed suggestions on how to engage in other activities besides pornography and provide tips about becoming "porn-free."[7]

One of the sections in the documents addresses "perversion," listing "Pedophilia (Attraction to children)" as one of nine examples of a "sexual desire" or "pattern" that "heavily diverges from what most people see as normal."[8] The documents state that "[i]t is healthy to have such fantasies, even to live some of them, unless they develop a strong pull to the point, [sic] where normal sexuality does not interest/satisfy you anymore (and of course, when people get harmed)."[9] The documents suggest that the reader evaluate whether they are a "pervert" and then "[d]ecide that you want to be less of a pervert," "[p]revent new perverted images and ideas from entering your head," "[p]ractise [sic] to control yourself, not only in the area of your perversion, but in general," and "[w]hen you sense perverted thoughts seizing you, immediately get yourself away."[10]

It is unclear from the documents who authored them, although the prosecution asserts that forensic review lists the author as "George."[11]

---

[6] *E.g.*, Attachment 1 at 1.

[7] *E.g.*, Attachment 1 at 2.

[8] *E.g.*, Attachment 1 at 4.

[9] *E.g.*, Attachment 1 at 4.

[10] *E.g.*, Attachment 1 at 5, 6.

[11] Supplemental Notice at 2.

The Defendant responded to the Supplemental Notice on June 26, 2015, arguing that the "self-help" documents should not be admissible under Rule 404(b) because they "can be offered for no proper purpose, [are] not relevant, and [are] more prejudicial than probative."[12] For the reasons stated below, the Defendant is correct and the prosecution's request to admit the documents is DENIED.

## STANDARD FOR ADMISSION

Rule 404(b) of the Federal Rules of Evidence prohibits admission of "a crime, wrong, or other act . . . to prove a person's character" but allows such evidence to be offered to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."[13] Rule 404(b) evidence may be admitted if four factors are satisfied: "(1) the evidence is offered for a proper purpose; (2) the evidence is relevant; (3) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice; and (4) the district court provides an appropriate limiting instruction upon request.[14]

## SUMMARY OF ARGUMENTS

The prosecution contends that the documents "provide evidence of intent, identity, motive, *modus operandi*¸ plan, and absence of mistake."[16] The prosecution argues that because the Defendant "relies upon the fact that the images and these files were deleted to contend that he did not knowingly possess these images,"[17] the documents should be admitted to show "[i]ntent

---

[12] Defendant's Response to United States' Supplemental Notice of Intent to Offer Evidence Under Rule 404(b), Federal Rules of Evidence ("Response") at 1, docket no. 64, filed June 26, 2015.

[13] Fed. R. Evid. 404(b).

[14] *United States v. Brooks*, 161 F.3d 1240, 1243 (10th Cir.1998) (citing *Huddleston v. United States*, 485 U.S. 681, 691–92, 108 S.Ct. 1496, 1502, 99 L.Ed.2d 771 (1988)).

[16] Supplemental Notice at 6.

[17] Supplemental Notice at 3.

to knowingly . . . delete the images found in August 2012."[18] According to the prosecution, the images were found in unallocated space, which means they were deleted before the government seized the computer equipment from Mr. Rodriguez. The prosecution argues that because the documents instruct the reader to "[g]et rid of everything on your computer that is even remotely related to pornography,"[19] they can be admitted to "explain the absence of the Gigatribe images" and to show "[i]ntent to knowingly . . . delete the images . . . ."[20]

The Defendant, on the other hand, argues that he cannot see the purpose for admitting the documents. He argues they do not address *child* pornography; only legal pornography. He argues that the "direction in the self-help document to 'get rid of everything' does not make it any less probable that unknown individuals participated in the Gigatribe session [or] that Mr. Rodriguez is the only one that could have knowingly distributed the child pornography to the undercover officer in the Gigatribe chat session [or that] Mr. Rodriguez distributed child pornography images from his computer and then deleted them from his computer."[21]

## DISCUSSION

Defendant's argument that the documents do not address deleting *child* pornography is partially incorrect. The documents clearly instruct that the reader should "get rid of *everything* on your computer that is even *remotely related* to pornography." Certainly child pornography falls within this category. And the documents even expressly identify "pedophilia" as a "perversion" the reader should avoid.

However, this single reference to child pornography is really incidental to the overall document content. This is one of nine types of perversions the documents list and is not at all

---

[18] Supplemental Notice at 3.

[19] *E.g.*, Attachment 1 at 1.

[20] Supplemental Notice at 3.

[21] Response at 4.

thematic of the document. The extensive document language on other topics mutes any relevance.

Defendant is correct that the documents do not make it more likely that he actually deleted child pornography from his computer. The paragraph on deletion is four lines in a seven page document. And no specific instructions on deletion are included.

The probative value of the documents is substantially outweighed by the danger of unfair prejudice. The majority of the documents is not relevant to the prosecution and potentially confusing by its extensive treatment of topics not at issue.

The forensic review necessary to attribute these files to "George" introduces a level of complexity not previously present in this case. The motion does not state the file types, and how the attribution is made. No other evidence in this case to date has raised forensic attribution of file authoring. This is an unnecessary complication, likely to take more time, and has the potential to be confusing to the jury.

## ORDER

IT IS HEREBY ORDERED that the documents identified in the prosecution's Supplemental Notice[23] are not admissible.

Dated June 30, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[23] Supplemental Notice of Intent to Offer Evidence Under Rule 404(b), Federal Rules of Evidence, docket no. 54, filed June 24, 2015.